UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARJORIE MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREIF INDUSTRIAL PACKAGING | ) | Case No. 23-CV-16988 |
| SERVICE, LLC | ) | |
| | ) | Judge Sharon Johnson Coleman |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Marjorie Morris ("Plaintiff") filed her First Amended Complaint against Greif Industrial Packaging Service, LLC ("Defendant") alleging violations of the Age Discrimination Employment Act, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. Before the Court is Defendant's motion to dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). The Court heard from both parties at oral argument on November 13, 2024. While the Court notes that Plaintiff spoke honestly in response to the Court's questions and made it clear that she desired to maintain her job, that is not enough to sustain this case. For the following reasons, the Court grants Defendant's Motion to Dismiss with prejudice [27].

**BACKGROUND**

Plaintiff filed this suit on December 21, 2023, against her former employer, Defendant. Following this Court's order directing Plaintiff to amend the initial complaint to cure its deficiencies, Plaintiff filed a letter and amended complaint (together, "First Amended Complaint"), which the Court found to be sufficient to proceed past the screening stage.

1

The following facts are accepted as true for the purpose of resolving Defendant's motion to dismiss. This Court will construe Plaintiff's First Amended Complaint liberally because she represents herself in this litigation. *See Taylor v. JPMorgan Chase Bank, N.A.,* 958 F.3d 556, 562 (7th Cir. 2020).

Plaintiff alleges that she was discriminated against by Defendant because of her age, color, race, and sex. Plaintiff started working for Defendant in November 2011 and was terminated in December 2019. Plaintiff offers three incidents of discrimination.

First, Plaintiff alleges discrimination by her supervisor and plant manager during her first year of employment. Plaintiff started as a finisher. To perform her job duties, Plaintiff needed another individual to "catch [her] parts." She alleges that her supervisor and plant manager would not assign anyone to catch her parts, but would assign someone to catch parts for other employees.[1] Plaintiff alleges that during the three years that she held this position, she continued to be "brushed…off" by her plant manager and supervisor, before an individual named Eloy Gonzalez was assigned to "catch for [her]."

Second, Plaintiff also alleges discrimination from an incident with her plant manager, David Tomaszewski. Defendant had a policy where employees were required to only wear their uniform or Defendant-branded merchandise while at work. One day, Plaintiff wore a head covering to work in violation of Defendant's dress code policy, which Plaintiff acknowledged. Plaintiff alleges that Tomaszewski made Plaintiff remove the head covering while allowing a Black, male employee to wear a non-uniform, non-Defendant-branded t-shirt.

---

[1] Even construing Plaintiff's First Amended Complaint liberally, her references to pronouns and requests are difficult to decipher. This Court does note that Plaintiff alleges that she requested "one" from her supervisor who told her "it" would cost $5,000. Plaintiff does not make any further substantive allegations for what "one" or "it" are.

2

Lastly, Plaintiff alleges that she did not receive fair treatment for her involvement in a violation that ultimately led to her termination. At the time of her termination, Plaintiff held the position of press operator. Plaintiff alleges that Eloy Gonzalez, a group leader who was assisting her with the machine, violated Defendant's policy that forbids employees to touch the machine without the presence of the operator, who was Plaintiff. After touching the machine, Plaintiff and Gonzalez were suspended for three days for Gonzalez admitted to operating the machine without the presence of Plaintiff. After the three-day suspension, Plaintiff called Defendant and was fired over the phone on December 10, 2019. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR") against Defendant. Plaintiff received the final agency decision from the EEOC on September 21, 2023, indicating that she must file a lawsuit within 90 days of receipt of the notice.[2]

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

---

[2] The decision letter was attached to Plaintiff's initial complaint, not her First Amended Complaint. As Plaintiff is proceeding pro se, the Court will consider the letter as if it was attached to the amended complaint as well.

**DISCUSSION**

Defendant moves to dismiss Plaintiff's First Amended Complaint as untimely and for failure to state a claim.

I. **Statute of Limitations**

Before filing a suit under Title VII, "a plaintiff must first exhaust [her] administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.,* 937 F.3d 998, 1004 (7th Cir. 2019). Such a suit must be filed within ninety days of receipt of the letter. 42 U.S.C. § 200e-5(f)(1). If the plaintiff fails to file within the ninety days, the claim is time-barred. *See Bobbitt v. Freeman Co.,* 268 F.3d 535, 538-9 (7th Cir. 2001).

Defendant contends that Plaintiff's First Amended Complaint should be dismissed as she received the right-to-sue letter from the EEOC on September 21, 2023, and therefore, the filing of the initial complaint on the 91st day requires dismissal. Defendant cites *Wilson v. Doctors Hosp.*, 909 F.Supp. 508, 581 (N.D. Ill. 1996) (Shadur, J.) in support of its argument. In *Wilson*, the court found that a pro se plaintiff's complaint must be dismissed where the plaintiff admitted that she did not file the lawsuit until the 91st day after receiving the right-to-sue letter. Like *Wilson,* Defendant contends that Plaintiff admitted that she filed the initial complaint on the 91st day as it states that she received the right-to-sue letter from the EEOC on September 21, 2023 and she filed the initial complaint on December 21, 2023. Plaintiff's Response does not address Defendant's statute of limitations argument.

However, this Court notes that Plaintiff's initial complaint includes a copy of the right-to-sue letter from the EEOC. The letter states that it was "[i]ssued on: 9/21/2023" and lists Marjorie Morris and her home address as the recipient of the letter. While the attachment was not included in Plaintiff's First Amended Complaint, a complaint filed by a *pro se* litigant should be construed liberally and the attachment of the letter to the initial complaint makes it clear that the letter was

4

*issued on* 9/21/2023, not *received on* that date. While the law assumes delivery of a properly addressed piece of mail, *See Lewin v. Commissioner,* 569 F.2d 444 (7th Cir. 1978), it cannot be definitively stated that Plaintiff received the letter on the same day it was issued by the EEOC. Further, Northern District of Illinois courts have found that compliance with the 90-day time limit functions as a "condition precedent" to filing a suit, not a jurisdictional prerequisite which poses "an absolute bar to suit." *Calvin v. Int'l Broth. Of Electrical Workers,* No. 99 C 2764, 2000 WL 263732, at *1 (N.D.Ill. 2000) (Manning, J.). Accordingly, this Court finds that Plaintiff's claims are not time-barred.

### II. Failure to State a Claim

#### a. ADEA Claim

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer to "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA applies to all individuals over the age of 40. 29 U.S.C. § 621. To state a claim under the ADEA, a plaintiff must prove by a preponderance of the evidence that age was the "but for" cause of the employer's decision. *See Gross v. FBI Fin. Servs., Inc.,* 557 U.S. 167, 177-78, 129 S.Ct. 2343, 2351 (2009). An accusation that contains no factual allegations to support an age discrimination claim must be dismissed. *See Kirley v. Bd. of Educ. of Maine Twp. High Sch. Dist. 207*, No. 13 C 1706, 2013 WL 6730885, at *8 (N.D. Ill. 2013) (Holderman, J.).

Here, Plaintiff has not alleged any facts from which this Court could conclude that her age played a role in her termination. Merely stating that Plaintiff is 56 years old is not sufficient to support her ADEA claim. Accordingly, this claim must be dismissed.

#### b. Title VII Claims

Plaintiff alleges race, color, and sex discrimination under Title VII. To state a claim for discrimination under Title VII, a plaintiff must show that her employer instituted an adverse

5

employment action against plaintiff on the basis of a protected characteristic. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). While "detailed factual allegations" are not required to survive a motion to dismiss, simply pleading that plaintiff belongs to a particular protected group and suffered ill-treatment is not enough. *Bell v. City of Chi.,* 835 F.3d 736, 738 (7th Cir. 2016). Some causal relationship between the two claims, beyond "mere labels and conclusions," must be shown. *Bell,* 835 F.3d at 738 (internal quotations omitted).

Even construing Plaintiff's First Amended Complaint liberally, it does not contain factual allegations connecting Plaintiff's mistreatment by Defendant to her race, color, or sex. Putting aside Plaintiff's conclusory statement that she is a "Black female," the only factual details that Plaintiff provides are that her supervisor and plant manager "would not assign anyone to catch [her] parts" until "Eloy Gonzalez was assigned to catch for [her]," she was told to remove her "head covering" while another Black, male employee was allowed to wear non-uniform clothing, and she was suspended and eventually terminated for her involvement with Eloy Gonzalez, who touched the machine she was operating without her present, which violated Defendant's policy. Plaintiff admitted that her actions violated Defendant's policy, but that she was terminated and Gonzalez – a Hispanic man – was able to return to work. These allegations do not give rise to the inference that Defendant mistreated Plaintiff on the basis of those protected characteristics.[3] Indeed, Plaintiff admitted that she did not receive any sexist or racist remarks from anyone involved in these situations. Merely stating actions taken against Plaintiff that she perceived as unfair without

---

[3] Plaintiff provides additional allegations of discrimination in her opposition brief in the form of additional exhibits. Defendant argues that this constitutes improper amendment. Facts alleged in an opposition brief to a motion to dismiss "may be considered when evaluating the sufficiency of a complaint so long as they are consistent of the allegations in the complaint." *Gutierrez v. Peters,* 111 F.3d 1364, 1367 n.2 (7th Cir. 1997). The Court does not find Plaintiff's additional allegations to be inconsistent, but they also do not cure the deficiencies in her First Amended Complaint, as discussed herein.

connecting such actions to her color, race, or sex is not enough to sufficiently state a claim under Title VII. Accordingly, Plaintiff's Title VII claims must also be dismissed.

**CONCLUSION**

For these reasons, the Court grants Defendant's Motion to Dismiss with prejudice [27]. Civil case terminated.

**IT IS SO ORDERED.**

Date: 11/18/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge